NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**TREY I. LENTZ**,

        Plaintiff,

v.

**JOSEPH COMPETELLO,** *et al.*,

        Defendants.

Civil Action No. 23-22491 (ZNQ) (JBD)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon two Applications to Proceed *in forma pauperis* ("IFP Applications," ECF Nos. 1-2, 3) filed by *pro se* Plaintiff Trey I. Lentz ("Plaintiff") together with his Complaint (ECF No. 1) against Defendants Joseph Competello and Alissa Goetz (collectively, "Defendants"). For the reasons stated below, the Complaint will be **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**[1]

The Complaint asserts claims for violations of 42 U.S.C § 1983 that Plaintiff says occurred during criminal proceedings that led to his guilty plea and subsequent conviction in New Jersey state court in 2023. Specifically, Plaintiff alleges that Defendants, in their capacity as prosecutors, presented false testimony from a witness to a grand jury that resulted in Plaintiff being indicted.

---

[1] For the purposes of this screening opinion, "[t]he Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F. 4th 217, 223 (3d Cir. 2023).

1

(ECF No. 1 at 7.) Plaintiff says that his pre-trial motions were then denied, and he was convinced that he would not receive a fair trial. (*Id.*) He alleges he was therefore coerced into pleading guilty and accepting a 42-month prison sentence. (*Id.*) He seeks $10 million. (*Id.*)

## II. LEGAL STANDARD

### A. IN FORMA PAUPERIS

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, that the plaintiff is unable to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such [an] application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. N.J. Dep't of Corr.,* Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.,* Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)). When the plaintiff is a prisoner, 28 U.S.C. § 1915(a)(2) mandates that the plaintiff must, in addition to filing the affidavit under 28 U.S.C. § 1915(a)(1), "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

### B. FAILURE TO STATE A CLAIM

Once an application to proceed *in forma pauperis* has been filed, the Court may screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C.

§§ 1915(e)(2)(B); *Martin v. U.S. Dep't of Homeland Sec.,* Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The general rules of pleading are set forth in Rule 8, which requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

### III.   DISCUSSION

The Court exercises its discretion to review the Complaint prior to considering Plaintiff's IFP Applications. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (holding that "a court has the

discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously"). Here, the Complaint suffers from at least two fatal defects as set forth below.

First, Plaintiff's claims against Defendants are barred by prosecutorial immunity. Prosecutorial immunity applies to "work 'intimately associated with the judicial phase of the criminal process.' " *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "[P]rosecutors are immune from claims arising from their conduct in beginning a prosecution, including soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence." *Id.* (cleaned up) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Burns*, 500 U.S. at 491–92; *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992)). Accordingly, Defendants have absolute immunity to Plaintiff's claims that are based on their presentations to the grand jury.

Second, even if Defendants were not entitled to immunity, the allegations in the Complaint read as an implied challenge to Plaintiff's state criminal conviction. This is prohibited by what is known as the "*Heck* bar." *Elozua v. State of New Jersey*, Civ. No. 04-2029, 2008 WL 370926, at *4 (D.N.J. Feb. 11, 2008). The *Heck* bar provides that a Section 1983 claim for money damages is not cognizable if success on such a claim would "necessarily imply the invalidity" of an underlying conviction or sentence. *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). Here, Plaintiff's allegations, brought under Section 1983, collaterally attack his state criminal conviction and seeks $10 million in damages. Plaintiff's claims, should he be successful, therefore would "imply the invalidity of [his] conviction[s]," which is improper under *Heck v. Humphrey*. *See Gibson v. Superintendent of NJ Dep't of L. & Pub. Safety-Div. of State Police*, 411 F.3d 427, 449 (3d Cir. 2005).

4

## IV. CONCLUSION

For the reasons stated above, the Court will also **DISMISS WITH PREJUDICE** the Complaint. An accompanying Order will follow.

Date: February 5, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
